# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOBIAS CEDRIC ANDERSON, petitioner, | : : : | PRISONER |
| v. | : : | Case No. 3:09cv2125(AVC) |
| DEPARTMENT OF CORRECTION respondent. | : : : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Tobias Cedric Anderson, currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court conviction on thirty-three grounds of trial misconduct, prosecutorial misconduct and ineffective assistance of counsel. The respondent moves to dismiss the petition on the grounds that the petitioner has procedurally defaulted thirty-one of his claims in state court and there is no clearly established Supreme Court law supporting the other two grounds. For the reasons that follow, the respondent's motion is granted.

## Facts

The petitioner was convicted, following a jury trial, of kidnapping in the first degree, attempted sexual assault in the first degree and attempted robbery in the first degree. On March 16, 1987, he was sentenced to a total effective term of imprisonment of twenty-five years. The sentence was to be served

consecutive to a previously imposed sentence of thirty-five years.

The petitioner raised five issues on direct appeal: (1) his prosecution on two counts of kidnapping in the first degree and his prosecution on attempted sexual assault in the first degree as well as sexual assault in the first degree violated his right to be free from double jeopardy; (2) the trial court's instructions on the kidnapping charges confused and misled the jury; (3) the trial court erred in including a missing witness charge in its instructions to the jury; (4) there was insufficient evidence to support his conviction for attempted robbery in the first degree; and (5) the petitioner was denied his right to be sentenced fairly and impartially. The Connecticut Supreme Court found no error and affirmed the conviction. State v. Anderson, 561 A.2d 897, 899 (Conn. 1989).

While the direct appeal was pending, the petitioner filed a petition for a new trial, Anderson v. State, No. CV88-0344991, raising several claims. The only claim reviewed, however, was the petitioner's claim that he had newly discovered evidence that would support a motion pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to suppress a jacket and knife seized from the petitioner's car pursuant to a search warrant. The state court found that the petitioner's evidence was not newly discovered, even with the evidence the petitioner could not make the

preliminary showing required for a Franks hearing, and, even if the jacket and knife were suppressed, the result of the trial would not have been different. Thus, on April 20, 1990, the court dismissed the petition. See Resp't's Mem. App. E at A-5 through A-16.

The petitioner filed a second petition for new trial, Anderson v. State, No. CV90-0374255-S, in which he argued that he was denied effective assistance of trial counsel. On June 26, 1992, the petition was dismissed pursuant to Connecticut Practice Book section 251, which allows dismissal for lack of diligence. See Resp't's Mem. App. E at A-17 through A-23.

The petitioner also filed several petitions for writs of habeas corpus in state court. In his first state habeas petition, Anderson v. Warden, No. CV87-080, the petitioner claimed that trial counsel was ineffective in that he failed to: (1) introduce as evidence boots allegedly worn by the assailant; (2) order a transcript of any pretrial hearing; (3) obtain the state's evidence; (4) subpoena defense witnesses; (5) adequately investigate the case; (6) interview potential witnesses; (7) present evidence of the assailant's fingerprints; (8) gather all pictures taken of the petitioner; (9) request psychiatric reports of the petitioner; (10) present psychiatric reports of the petitioner at trial; and (11) request the names of the state's witnesses. Following a trial on the merits of the claims, the

state court dismissed the petition. In the decision, the state court characterized the petition as alleging that trial counsel was ineffective in failing to use, at trial and sentencing, existing evidence regarding the petitioner's mental health or procuring additional evidence for such use, and failing to obtain all of the photo arrays shown to the victim. See Resp't's Mem. App. E, Record on Appeal, at A-24 through A-49. The petitioner did not appeal the dismissal. See Pet. at 6.

In his second state habeas action, Anderson v. Warden, No. CV88-582, the petitioner again argued that trial counsel was ineffective. On November 20, 1990, the state court granted the respondent's motion to quash the entire petition on the ground that to allow the petitioner to litigate a claim of ineffective assistance of trial counsel a second time would constitute an abuse of the writ. In addition, the state court determined that the other claims included in the petition lacked merit. See Resp't's Mem. App. E at A-50 through A-66.

In his third state habeas action, Anderson v. Warden, No. CV94-1870, the petitioner alleged that he was denied effective assistance of trial counsel and prior habeas counsel, that prosecutorial misconduct occurred at his criminal trial, and that judicial misconduct occurred at his criminal trial. The petitioner withdrew the petition on August 27, 2002. See Resp't's Mem. App. E at A-67 through A-85.

In March 2003, the petitioner filed a fourth state habeas action, Anderson v. Warden, No. CV03-0475015. On November 19, 2007, the court dismissed all thirty-seven counts. On appeal, the Connecticut appellate court affirmed the dismissal of thirty-five counts and reversed in part and remanded the case for trial on two of the thirty-seven counts. Anderson v. Commissioner of Correction, 971 A.2d 766, 781 (Conn. App.), cert. denied, 979 A.2d 488 (Conn. 2009).

On February 17, 2010, and March 31, 2010, the state court held a trial on the two remanded counts. The case remains pending.

## Standard

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909 (2002). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. Carey v. Musladin, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from a Supreme Court holding or if the state court decides a case differently than the Supreme Court on essentially the same facts. Bell v. Cone, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case. The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Boyette

v. Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or a presumption of correctness is afforded state court findings where the state court has adjudicated constitutional claims on the merits). Because collateral review of a conviction applies a different standard than that of a direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition. Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

## Discussion

The petitioner challenges his conviction on thirty-three grounds, including claims of judicial and prosecutorial misconduct and ineffective assistance of counsel as follows:

(1) The trial court failed to inquire into its own conflict of interest arising from pre-trial involvement in the petitioner's criminal prosecution.
(2) The trial court had a personal interest in the outcome of the petitioner's criminal prosecution and failed to disqualify himself.
(3) The trial court failed to inquire into the conflict of interest between the petitioner and trial counsel.
(4) The trial court was not neutral at the time it issued the search and seizure warrant for the petitioner's car.
(5) The trial court was not detached at the time it issued the search and seizure warrant for the petitioner's car.
(6) The trial court failed to comply with the mandatory requirements of Connecticut Practice Book section 892.
(7) The trial court was not an impartial sentencing judicial authority.
(8) The trial court failed to disqualify/recuse itself after actively participating in the plea negotiations.
(9) The trial court failed to recuse itself sua sponte in accordance with Canon 3(c)(1)(A).
(10) The trial court failed to recuse itself sua sponte in accordance with Canon 3(c)(1).
(11) The trial court failed to disqualify itself sua sponte in accordance with Connecticut Practice Book section 996.

(12) The trial court failed to sua sponte disqualify itself in accordance with the possible temptation standard.
(13) The trial court rendered both the petitioner's trial and appellate counsel ineffective.
(14) The cumulative effect of the trial court's conduct deprived the petitioner of a fair trial, sentencing and appeal.
(15) The prosecuting attorney failed to place on the record the factual basis for disqualification/recusal of the trial court.
(16) The prosecuting attorney failed to comply with the mandatory requirements of the statutory plea agreement of Connecticut General Statutes section 54-86(a).
(17) The prosecuting attorney, Dennis O'Connor, used false evidence to obtain a conviction in case #51826.
(18) The prosecuting attorney, Dennis O'Connor, failed to bring to the court's attention its failure to comply with Connecticut Practice Book section 892.
(19) The prosecuting attorney, Dennis O'Connor, failed to disqualify/recuse himself for personal reasons from the petitioner's case #51826.
(20) The prosecuting attorney rendered both the petitioner's trial and appellate counsel ineffective.
(21) The cumulative effect of the prosecuting attorney's misconduct deprived the petitioner of a fair trial, sentencing and appeal.
(22) Trial counsel failed to disclose the conflict of interest between himself and the petitioner.
(23) Trial counsel failed to move for disqualification of the trial court.
(24) Trial counsel failed to move for disqualification of the prosecuting attorney, Dennis O'Connor.
(25) Trial counsel failed to raise at trial and preserve for direct appeal the trial court's failure to comply with Connecticut Practice Book section 892.
(26) Trial counsel was ineffective during the plea process.
(27) Trial counsel failed to request a <u>Franks</u> hearing and preserve the issue for direct appeal.
(28) Trial counsel was ineffective during the hearing on the motion to suppress the petitioner's statements.
(29) Trial counsel failed to do meaningful pre-trial investigation.
(30) Trial counsel rendered himself and appellate counsel ineffective for failing to timely raise and preserve issues for appeal.
(31) The cumulative effect of trial counsel's ineffectiveness deprived the petitioner of a fair trial, sentencing and appeal.
(32) <u>Brecht</u> footnote nine error.

(33) The cumulative effect of the totality of the circumstances surrounding the petitioner's trial deprived him of a fair trial, sentencing and appeal.

The respondent contends that the petitioner is not entitled to relief on any of these grounds. The respondent argues that the petitioner procedurally defaulted the first thirty-one grounds in state court, and that the last two grounds do not assert violations of clearly established federal law.

## I. **Procedural Default**

The respondent argues that the petitioner is not entitled to federal habeas review of the first thirty-one grounds because he procedurally defaulted those claims in state court. These grounds are duplicates of counts 1-25 and 26-34 of the petitioner's fourth state habeas petition. See Resp't's Mem. App. C at 23-72.

A state prisoner who defaults on his federal claim in state court pursuant to an independent and adequate state procedural rule cannot obtain federal habeas review of that claim unless he can demonstrate cause for the default and actual prejudice resulting from the default or he can show that failure to consider the claim will result in a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Application of the procedural default bar is especially appropriate where the state procedural rules mirror the federal rules. See Beard v. Kindler, ___ U.S. ___, 130 S. Ct. 612, 618

(2009) (noting inequity in disregarding "state procedural rules that are substantially similar" to federal rules); Coleman v. Thompson, 501 U.S. 722, 746 (1991) (recognizing that federal courts should give state procedural rules the same effect they give federal procedural rules).

A. Judicial and Prosecutorial Misconduct

Both the state habeas court and the Connecticut appellate court declined review of the claims represented in the first twenty-one counts of the federal petition because the petitioner had procedurally defaulted those claims. The state courts determined that the petitioner failed to assert those claims at trial and did not raise them on direct appeal. In addition, the Connecticut appellate court concluded that the petitioner failed to demonstrate cause for the default and prejudice resulting therefrom. See Anderson, 971 A.2d at 777. Thus, the claims were dismissed as procedurally defaulted in state court.

To overcome the procedural default, the petitioner must demonstrate cause for failing to raise these claims properly in state court and prejudice resulting from the failure to consider the merits of the claims.

To establish cause to excuse his procedural default, the petitioner must identify some objective factor, external to the defense, that prevented defense counsel from raising the claim. Such factors include interference by state officials impeding

compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991).

The petitioner states that his judicial and prosecutorial misconduct grounds are asserted both as independent challenges to his conviction and also in order to establish cause and prejudice to overcome procedural default or any other defenses asserted by the respondent. See Pet. at 23, 82. He provides no facts to support this statement and does not explain how the alleged prosecutorial and judicial misconduct prevented him from making an objection at trial or asserting the claim on direct appeal. The court concludes that the general allegations of prosecutorial and judicial misconduct do not demonstrate cause to excuse the procedural default.

The petitioner states in opposition to the motion to dismiss that his new evidence in support of the judicial misconduct claims is the respondent's stipulation that the trial judge signed the warrants in the case. The name of the judicial officer who signed the warrants, however, is not new evidence. This information was available to the petitioner at any time after the warrants were signed. The fact that the respondent later stipulated to this fact, does not render the signature new evidence.

The petitioner also argues that ineffective assistance of

trial counsel constitutes cause for failure to assert the claims at trial, thereby preserving them for appeal. Before the petitioner can rely on ineffective assistance of counsel to constitute cause, that claim must first be presented to the state courts. See Edwards, 529 U.S. at 452 (recognizing that "'a claim of ineffective assistance' ... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'"). If the state court finds that the ineffective assistance of counsel claim itself has been procedurally defaulted, that claim cannot be used by the federal court to establish cause to excuse a procedural default unless the petitioner also can demonstrate cause to excuse the defaulted ineffective assistance of counsel claim. See id. at 453. Otherwise, the federal court would be permitting the petitioner to obtain federal review of claims that he did not afford the state courts the opportunity to review. As discussed below, the petitioner has not demonstrated cause for the procedural default of his ineffective assistance of counsel claims in the state courts. Thus, ineffective assistance of counsel does not constitute cause to excuse the procedural default of the claims contained in the federal petition.

Nor can the petitioner show that failure to consider this claim would result in a fundamental miscarriage of justice, that is, "the conviction of one who is actually innocent." Murray v.

12

Carrier, 477 U.S. 478, 496 (1986). To meet this exception, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Schlup v. Delo, 513 U.S. 298, 316 (1995). The petitioner has provided no such evidence. Thus, the failure to consider this claim will not result in a fundamental miscarriage of justice.

The petitioner also argues that a state procedural rule prevented him from demonstrating cause before the state courts. Connecticut Practice Book Section 23-31(c) provides: "The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition." The petitioner asserted the same cause to excuse his procedural default in state court as he asserts in this case, to wit, his claims of prosecutorial misconduct, judicial misconduct and ineffective assistance of counsel. He now argues that the language in section 23-31(c), preventing him from restating claims in the petition, rendered him unable to allege facts to explain the procedural default.

The court is not persuaded by this argument. First, prosecutorial misconduct, judicial misconduct and ineffective assistance of counsel are legal conclusions. They are not facts.

Listing legal conclusions does not explain why the petitioner was unable to assert his claims. If the petitioner had explained why he was prevented from asserting his claims by prosecutorial misconduct, for example, he would not be restating the separate claims of prosecutorial misconduct in his state habeas petition. The petitioner's claims in this case do not sufficiently and adequately explain why he was unable to assert those claims in state court. Thus, the petitioner did not comply with the state rule and has not demonstrated cause for his procedural default.

The Supreme Court has found a limited exception to the procedural default rule in exceptional cases. See Lee v. Kemna, 534 U.S. 362, 376, 383 (2002) (finding an exception to procedural default where state court applied procedural rule that all motions must be in writing to situation where attorney sought brief continuance because alibi witness had left the courthouse). In Lee, the Court held that procedural default may not bar federal habeas review where the state court did not rely on the procedural rule, no state cases demand flawless compliance with the rule under the circumstances present and the defendant substantially complied with the procedural rule. Id. at 381-83.

In this case, the petitioner does not argue that the state courts do not consistently apply the procedural default rule and the respondent has cited cases demonstrating the state courts' adherence to the rule. Thus, the exception is not applicable

here. The court concludes that the petitioner's procedural default precludes federal habeas review of the claims of judicial and prosecutorial misconduct alleged in grounds 1-21.

B. <u>Ineffective Assistance of Trial Counsel</u>

In Grounds 22-31, the petitioner challenges the effectiveness of his trial counsel. The petitioner asserted claims of ineffective assistance of counsel in his two motions for new trial and in his first state habeas petition. When the petitioner attempted to include additional ineffective assistance claims in his second state habeas petition, the state court granted the respondent's motion to quash the petition on the ground that permitting these additional claims would constitute an abuse of the writ.

The petitioner again tried to assert additional ineffective assistance of counsel claims in his fourth state habeas petition. Many of those claims are the ones the petitioner asserts in his federal petition. The state court dismissed the ineffective assistance of counsel claims as successive and the Connecticut Appellate Court upheld the dismissal of those counts, which are reasserted in this petition.

Pursuant to Connecticut Practice Book section 23-29(3), the Connecticut courts routinely preclude litigation of successive habeas petitions asserting the same ground for relief contained in a previous petition unless the successive petition alleges new

facts or offers new evidence that was not reasonably available at the time the previous petition was filed. See, e.g., Kearney v. Commissioner of Correction, 965 A.2d 608, 616 (Conn. App. 2009)(citing cases).

The state courts found that the ineffective assistance of counsel claims included in this federal action were not included in the earlier state habeas petitions but were based on facts available to the petitioner at the time those petitions were filed. Thus, the petitioner procedurally defaulted the ineffective assistance of counsel claims included in Grounds 22-31.[1]

As explained above, the petitioner can obtain federal review of these claims only if he can demonstrate cause to excuse the default and prejudice resulting therefrom. The petitioner has not identified any specific reasons why he failed to include all of his ineffective assistance of counsel claims in his first state habeas petition. Instead, he makes reference to the same general allegations of judicial misconduct, prosecutorial misconduct and ineffective assistance of counsel raised in the argument above. This general allegation is insufficient to explain why he failed to assert all of his claims. In addition,

---

[1] The petitioner states that the ineffective assistance of counsel claims included in this petition are the claims he asserted in the fourth state habeas petition, not his earlier state habeas petitions. See Pet., Doc. #2, at 110, 114, 117, 120, 123, 126, 129, 132, 135, 137.

the petitioner's claim that the state procedural rule prevented him from demonstrating cause in state court fails for the reasons stated above. The petitioner has not demonstrated cause to excuse the procedural default and is not entitled to federal review of his ineffective assistance of counsel claims alleged in paragraphs 22-31.

## II. **Violation of Clearly Established Federal Law**

In his final two grounds for relief, the petitioner argues that the cumulative effect of the misconduct alleged in the prior grounds, constitutes a structural defect that deprived him of a fair trial. In Ground 32, he specifically refers to footnote 9 in Brecht v. Abrahamson, 507 U.S. 619 (1993). In ground 33, he makes a totality of the circumstances argument.

The petitioner asserted these claims in his fourth state habeas petition. The state court dismissed the claims as not cognizable under Connecticut law. See Resp't's Mem. App. C at 72-73. The Connecticut appellate court affirmed the dismissal. The court noted that, since it had not found any erroneous factual, legal or evidentiary errors, the combined claims could not rise to the level of a constitutional violation. See 971 A.2d at 779.

To obtain federal habeas relief, the petitioner must show that the state court decision is contrary to or an unreasonable application of clearly established federal law, which the court

finds in Supreme Court holdings, not dicta. See Carey, 549 U.S. at 74. It is irrelevant that other states or federal courts of appeal may have recognized claims of cumulative error. See, e.g., Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1175 (2010) (holding that "no decision of this Court clearly established the categorical rule upon which the Court of Appeals appears to have relied and we therefore reverse the judgment ...").

The petitioner relies upon a footnote in a Supreme Court opinion which constitutes dicta in that opinion. Although the Court notes "the possibility that in an unusual case, a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief," the Court goes on to note that "[w]e, of course, are not presented with such a situation here." 507 U.S. 619, 638 n.9. Thus, this footnote in question does not support federal habeas relief.

In addition, the Supreme Court has not recognized such a claim since Brecht was decided. Therefore, as the petitioner cannot point to any Supreme Court decision recognizing "cumulative error" as an independent ground upon which federal habeas corpus relief may be granted, the petitioner's final claim fails.

18

## III. **Absence of State Corrective Process**

Finally, the petitioner argues that this court should entertain his claims because there are no state corrective processes available to him. He refers the court to 28 U.S.C. § 2254(b)(1)(B). This section, however, is an exception to the requirement that the petitioner exhaust his state court remedies.

The respondent does not argue that the petitioner has not exhausted his state remedies. The respondent contends, however, that the petitioner has procedurally defaulted on most of the claims in state court. Thus, section 2254(b)(1)(B) does not apply. See Dretke v. Haley, 541 U.S. 386, 392-92 (2004) (noting that the procedural default doctrine is a corollary to the exhaustion doctrine that precludes federal review of claims absent a showing of cause and prejudice).

## Conclusion

The respondent's motion to dismiss [**Doc. #12**] is **GRANTED**. The clerk is directed to enter judgment in favor of the respondent and close this case.

The court concludes that the petitioner has not shown that he was denied a constitutionally or federally protected right with regard to Grounds 32 or 33. In addition, reasonable jurists would not find it debatable that the petitioner is procedurally defaulted from pursuing Grounds 1-31. Thus, any appeal from this order would not be taken in good faith and a certificate of

appealability will not issue. See Slack v. McDaniel, 429 U.S. 473, 484 (2000).

**SO ORDERED** this 14th day of December 2010, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello
United States District Judge